HEARD (LOVERING v.). See Case No. 8,-554.

---

## Case No. 6,298.

### HEARD v. ROGERS et al.

[1 Spr. 556; 1 17 Law Rep. 442.]

District Court, D. Massachusetts. Oct., 1854.

SHIPPING ARTICLES—NEW CLAUSE.

1. Where a new clause in the shipping articles is relied upon, to repel a claim for wages, it must be pleaded.

2. If not pleaded, the court must infer that the articles are in the usual form.

3. A new clause in the shipping articles, in derogation of the general rights of a seaman, will be inoperative, unless explained to him, and an adequate compensation therefor be received by him.

This was a cause of subtraction of wages, promoted by the chief mate of the ship Columbia, of Salem, against the owners, one of whom was also the master. The voyage was from Boston to San Francisco, and thence to Calcutta, and back to the United States. The libellant left the vessel in San Francisco, and claimed wages to the time of leaving. The shipping articles contained this clause: "With an express condition, that if any of the crew desert, or leave the ship, at California, or Calcutta, without a written discharge from the master, they shall forfeit all wages due them." ·

R. H. Dana, Jr., for libellants.

W. C. Endicott, for respondents.

SPRAGUE, District Judge. Two defences are set up against the demand for wages; one, the alleged misconduct of the libellant, in endeavoring to induce several of the crew to leave the vessel at San Francisco, and the other, that he himself left the ship, without a written discharge from the master, and has thus forfeited his wages, under the new clause in the shipping articles. (His honor reviewed the evidence upon the first point, and said that he thought the charge was not proved, and proceeded.) On the second head, it is proved by the libellant, that he left with the verbal permission of the master; and a paper is introduced, written in pencil, and signed with the initials of the master, which it is contended was a written discharge. There are also other objections to giving effect to the clause. It is urged for the libellant—1st. That the want of a written discharge is not sufficiently pleaded.  2d. That it has been waived by the admission, without objection, of parol proof of a discharge. 3d. That the word "crew" was not intended (in this case) to include the chief mate.  4th. That being an unusual stipulation, of a severe character, in derogation of the general rights of seamen, it should not be permitted to operate, without proof that the party signing the articles had his attention called to the clause, or otherwise knew of its existence and effect. These objections must prevail. The answer does not state that there was any such clause in the articles, and only alleges that the libellant left "contrary to the shipping articles." This is not sufficient notice to the libellant, either of the existence of this clause, [if he was, as he says, ignorant of it,] 2 or that the respondents intended to rely upon it. From the pleadings, the court could only infer that the shipping articles were in the usual form, and that the allegation meant only that he left without permission, before the voyage was ended. Such clauses, so unusual, so severe in their operation, and so little likely to be anticipated or looked for by the crew, are to be closely scrutinized. There is no evidence, as to when, or how, the libellant or any of the crew signed the articles, or that he, or any of them, knew that the clause was there; and it is in proof, that it was put in by the special direction of one of the owners, and not in the presence of any of the crew. This alone would be decisive. For without proof that the clause was made known to, and understood by the crew, and that they received an adequate consideration for its introduction, it must be inoperative.

Decree for the libellants, the cause being referred to a master, to examine the accounts and report upon the balance of wages due.